<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1155**

———————

HENRY D. MCLAURIN; MILLIE D. MCLAURIN,

             Plaintiffs – Appellants,

     v.

VULCAN THREADED PRODUCTS, INCORPORATED, an Alabama
Corporation; GRAND RAPIDS BOLT AND NUT, INCORPORATED, d/b/a
Great Lakes Fasteners,

             Defendants – Appellees,

     and

EAST JORDAN IRON WORKS, INCORPORATED,

             Defendant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge. (5:08-cv-00089-F)

———————

Argued: December 9, 2010          Decided: February 10, 2011

———————

Before GREGORY and SHEDD, Circuit Judges, and David A. FABER,
Senior United States District Judge for the Southern District of
West Virginia, sitting by designation.

———————

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion,
in which Judge Gregory and Senior Judge Faber joined.

**ARGUED:** Daniel F. Read, Durham, North Carolina, for Appellants. William Wayne Pollock, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh, North Carolina; Jeffrey Hart Blackwell, HEDRICK, GARDNER, KINCHELOE & GAROFALO, LLP, Wilmington, North Carolina, for Appellees. **ON BRIEF:** Andrew D. Hathaway, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh, North Carolina; Erin T. Collins, HEDRICK, GARDNER, KINCHELOE & GAROFALO, LLP, Wilmington, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Henry D. McLaurin and Millie D. McLaurin (collectively "McLaurin") brought this action against East Jordan Iron Works, Vulcan Threaded Products, Inc., and Grand Rapids Bolt & Nut, Inc. McLaurin's claims arise from the alleged failure of a manhole cover handle that resulted in personal injury to Mr. McLaurin.[1] The district court granted summary judgment in favor of the defendants on all claims. McLaurin now appeals. For the following reasons, we affirm.

I.

Mr. McLaurin was employed in North Carolina as a civilian, non-uniformed telecommunication splicer for the United States Department of Defense ("USDOD"). In December 2005, Mr. McLaurin's employment duties required him to enter a manhole that was located just outside Fort Bragg's main gate. As he lifted the bar that was inserted under the U-shaped drop handle ("U-bolt") attached to the manhole cover, the horizontal portion of the U-bolt sheared off from the two vertical portions and

---

[1] Mr. McLaurin brought claims for negligence and breach of warranty, and Mrs. McLaurin brought a claim for loss of consortium. For ease of discussion, we refer to both plaintiffs collectively herein simply as "McLaurin."

broke away, causing him to fall backwards and suffer personal injuries.

McLaurin filed a complaint against East Jordan Iron Works ("EJIW"), Vulcan Threaded Products, Inc. ("Vulcan"), and Grand Rapids Bolt & Nut, Inc. ("Grand Rapids") claiming negligence, breach of warranty, and loss of consortium. The record establishes that Vulcan manufactured U-bolts based on specifications submitted by EJIW through Grand Rapids. Grand Rapids purchased the U-bolts from Vulcan and then sold them to EJIW, who in turn incorporated them into EJIW's manhole covers. EJIW sold some of these manhole covers to Sta-Rite. The record also establishes that USDOD entered a contract with ECI Construction, Inc., for the construction of a new Access Control Facility at Fort Bragg. Starr Electric Co., Inc., who was a subcontractor for ECI, purchased manhole covers from Sta-Rite for use on the Fort Bragg project and assembled the manhole covers on the job site.[2]

After McLaurin voluntarily dismissed all claims against EJIW, Vulcan and Grand Rapids filed separate motions for summary judgment. The district court granted summary judgment against

_____

[2] There is no dispute that the manhole cover in question was manufactured by EJIW, and because it is not critical to our analysis, we assume that EJIW used only Vulcan U-bolts in manufacturing the manhole covers it sold to Sta-Rite.

4

McLaurin on all claims against Grand Rapids, finding that Grand Rapids had no duty under North Carolina law to inspect the U-bolts. The court also granted summary judgment against McLaurin on the negligence claim against Vulcan, finding that McLaurin had not introduced sufficient evidence of the relevant standard of care or that Vulcan had violated the standard of care. At the court's direction, Vulcan then filed an amended answer asserting privity as a defense to the warranty claim. After receiving Vulcan's amended answer and two sur-replies from McLaurin, which the court had instructed McLaurin to file to address aspects of the breach of warranty claim, the court granted summary judgment in favor of Vulcan on the remaining claims for breach of implied warranty and loss of consortium.[3]

II.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's order

---

[3] Mrs. McLaurin's loss of consortium claim is derivative and dependent on Mr. McLaurin's ability to recover for negligence or breach of warranty. Because we find that Mr. McLaurin cannot succeed on either of his claims, we affirm the district court's dismissal of the loss of consortium claim.

5

granting summary judgment de novo. Jennings v. Univ. of North Carolina, 482 F.3d 686, 694 (4th Cir. 2007) (en banc).

We find the district court properly granted summary judgment in favor of the defendants as to all of McLaurin's claims. Regarding his negligence claims, McLaurin failed to proffer any evidence establishing the relevant standard of care owed by Vulcan or Grand Rapids. See Nicholson v. American Safety Utility Corp., 476 S.E.2d 672, 676 (N.C. Ct. App. 1996). As to Vulcan's alleged negligent manufacturing, McLaurin's expert witness, Bill W. Hong, specifically testified in his deposition that he did not know what the industry standard is for manufacturing U-bolts. To the extent McLaurin now relies on Hong's affidavit testimony to establish the industry standard of care for manufacturing U-bolts, that testimony is inadmissible because it is inconsistent with Hong's prior deposition testimony. See Rohrbough v. Wyeth Lab, Inc., 916 F.2d 970, 975 (4th Cir. 1990).[4]

Further, as to Vulcan and Grand Rapid's alleged negligent failure to inspect the U-bolts, the closest McLaurin comes to establishing a standard of care for inspecting U-bolts is Hong's

---

[4] We note that during oral argument McLaurin's counsel acknowledged there is no admissible evidence establishing the standard of care for manufacturing U-bolts and therefore that aspect of McLaurin's negligence claim is no longer at issue.

affidavit opinion that "[a]t a minimum, the [U-bolt] should have been inspected for cracks after bending." J.A. 60. However, the record establishes that Vulcan did perform a visual inspection of one out of every ten U-bolts it manufactured, and McLaurin presented no evidence that this method of inspection is insufficient or violates any standard of care as a matter of law. Moreover, because Grand Rapids ordered the U-bolts from Vulcan and sold them directly to EJIW, Grand Rapids was acting as a "mere conduit" and therefore it had no duty to inspect the U-bolts. See Nicholson, 476 S.E.2d at 676.

We also find that McLaurin's warranty claims fail as a matter of law. The district court correctly concluded that North Carolina law bars implied warranty claims against a non-manufacturing seller like Grand Rapids. See N.C. Gen. Stat. § 99B-2. Similarly, North Carolina law precludes McLaurin's warranty claim against Vulcan because there is no contractual privity between Vulcan and McLaurin. See Crews v. W.A. Brown & Son, Inc., 416 S.E.2d 924, 929 (N.C. Ct. App. 1992). McLaurin attempts to circumvent the privity requirement by claiming that his employer, USDOD, purchased the manhole cover as part of a construction contract. See N.C. Gen. Stat. § 99B-2(b) (eliminating the privity requirement if the claimant is the buyer or an employee of the buyer); N.C. Gen. Stat. § 25-2-103(1)(a) (defining "buyer" under the UCC as a person who "buys

7

or contracts to buy goods"). However, the district court correctly analyzed USDOD's contract as a "mixed contract" and found that the predominant purpose of the contract was for construction services rather than for the sale of goods under Hensley v. Ray's Motor Co. of Forest City, Inc., 580 S.E.2d 721, 724 (N.C. Ct. App. 2003).[5] Thus, USDOD was not a buyer of the manhole cover as defined by the UCC, and therefore McLaurin cannot avail himself of any UCC implied warranty as an employee of a buyer.

## III.

For the foregoing reasons, we affirm the district court's orders granting summary judgment to the defendants.

AFFIRMED

---

[5] During oral argument, McLaurin's counsel acknowledged that under applicable precedent the contract in question was for services rather than for the sale of goods.